**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KEITH RUSSELL JUDD,** | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 10-CV-203-GKF-FHM |
| **UNITED STATES OF AMERICA,** | ) ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

On April 2, 2010, Petitioner, a federal prisoner incarcerated at the Federal Correctional Institution in Texarkana, Texas, filed a pleading titled "Independent Action for Relief from Judgment to Correct Record That There is No Federal Felony Conviction or Sentence for Petitioner" (Dkt. # 1). Petitioner states that he is in federal custody pursuant to a conviction entered in the United States District Court for the Western District of Texas, Case No. 98-CR-93. He asks this Court "to correct, [clarify], amend or expunge any record" of his conviction or sentence in the Texas case, and for any other appropriate relief. See Dkt. # 1 at 7. Based on Petitioner's requested relief, the Clerk of Court filed the pleading as a 28 U.S.C. § 2241 petition for writ of habeas corpus and assigned a civil case number.

Relief from a federal conviction and sentence is available by motion filed in the sentencing court pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(a). Habeas corpus relief is unavailable to challenge a federal conviction and sentence unless the remedy afforded by § 2255 is inadequate or ineffective to test the legality of detention. See 28 U.S.C. § 2255(e); United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The §

2255 remedy will be inadequate or ineffective only in "extremely limited circumstances." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999).

This Court is not the sentencing court. Even if Petitioner could demonstrate that he is entitled to pursue habeas corpus relief, he is in federal custody in Texas and this Court lacks jurisdiction to consider his claims. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (courts are limited by § 2241(a) to granting habeas relief "within their respective jurisdictions," and must have jurisdiction over the custodian; the traditional rule is that the writ is "issuable only in the district of confinement"); see also Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000); United States v. Scott, 803 F.2d 1095, 1096 (10th Cir. 1986) (per curiam).

The Court finds this matter should be summarily dismissed. The Court recognizes that such "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." Haugh, 210 F.3d at 1150 (internal quotation marks omitted). However, under the facts of this case, the Court declines to transfer the petition. Since January 1, 2010, Petitioner has filed the same petition in eight (8) other federal district courts across the country. See www.pacer.uspci.uscourts.gov (PACER ("Public Access to Court Electronic Records")). Furthermore, the Fifth Circuit Court of Appeals has noted this petitioner's "history of vexatious and frivolous litigation in this court and many other courts," its own "repeated warnings" and imposition of sanctions, and that they "have been insufficient to deter him from continuing to file frivolous challenges to his conviction." See W.D. Texas, Case No. 7:98-CR-93-RAJ, Dkt. # 919 (available in PACER). In the cited order, the Fifth Circuit directed Petitioner to pay a $500 sanction, and barred him from filing "in this court or in any court subject to this court's jurisdiction, any

challenge to his conviction or sentence until all sanctions in all his actions are paid in full," absent leave of court to file.

In summary, this Court lacks jurisdiction to consider the claims raised by Petitioner. Transfer to the district of his confinement or conviction is not appropriate. Therefore, this action shall be **summarily dismissed** and the Clerk of Court shall be directed to close this case.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. # 1) is **summarily dismissed**. The Clerk of Court shall close this case.

DATED THIS 5th day of April, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma